UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE FRANCIS ANDRY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9121** |
| **TERREBONNE CORRECTION CENTER** | **SECTION: "C"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, George Francis Andry, Jr., filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Terrebonne Correction Center, Sheriff Jerry Larpenter, and the "Medical Staff." In this lawsuit, plaintiff claims that defendants denied him pain medication.

Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than thirty days ago, on November 22, 2006, mail sent by this Court to plaintiff at the Terrebonne Parish Criminal Justice Complex, plaintiff's address of record, was returned by the United States Postal Service as undeliverable.[1]  On January 5, 2007, an employee of this Court confirmed that plaintiff was no longer incarcerated at that facility. On that same date, an order was issued directing that plaintiff notify the Court of his current address by January 22, 2007, and that

---

[1] Rec. Doc. 5.

order was mailed to plaintiff both at his address of record and at an alternative address listed in the complaint.[2]  The copy sent to his address of record was again returned by the postal service;[3] however, the copy sent to the alternate address was not.  Nevertheless, plaintiff has not complied with the Court's order.

Plaintiff's complaint contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4]  Because plaintiff has failed to meet that obligation, his current whereabouts are unknown, and it is appropriate to dismiss this lawsuit without prejudice for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed.R.Civ.P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[2] Rec. Doc. 13.

[3] Rec. Doc. 15.

[4] Rec. Doc. 3.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail from this Court sent to plaintiff at his address of record has been returned as undeliverable, and plaintiff has failed to provide this Court with his current address despite acknowledging on his complaint that he was aware of his obligation to do so. Due solely to plaintiff's failure to meet that obligation, this Court has no way to contact him, to schedule a preliminary conference, or to otherwise advance his case.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this thirty-first day of January, 2007.

*[signature]*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**